FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

**March 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

NU SKIN ENTERPRISES, INC., a
Delaware corporation; PHARMANEX,
LLC, a Delaware limited liability
company,

      Petitioners - Appellants,

v.

EARNEST L. RAAB, D.C., d/b/a
Success to Significance LLC, a
Washington LLC; MICHAEL ULRICK;
LARRY C. WIEBER and ROSE
WIEBER, d/b/a Test for Nutrition of
Washington, LLC, a Washington LLC;
MAX ROBBINS; DEBRA ROBBINS;
TONI RAGSDALE, d/b/a Ragsdale and
Company LLC, an Oklahoma
LLC;  WAYNE MATECKI, LAC and
AMY L. MATECKI, M.D., d/b/a Dr.
Amy's Integrative Medicine, Inc., a
California corporation,

      Respondents - Appellees.

No. 22-4068
(D.C. No. 2:21-CV-00709-RJS)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellants Nu Skin Enterprises, Inc. and Pharmanex, LLC petitioned the United States District Court for the District of Utah to enjoin Appellees Earnest Raab, et al, from pursuing litigation against them in Washington state court and ordering them to submit their dispute to arbitration under the Federal Arbitration Act. Appellants relied on identical arbitration clauses in contracts (the Contracts) it had entered into with Appellees. In June 2022 the district court denied the motion to compel arbitration and dismissed the petition, holding that it was precluded by the ruling by the Superior Court of the State of Washington that "the underlying Complaint is not a 'Dispute' within the meaning of the [arbitration provision in the] Contract[s]." *Nu Skin Enter., Inc. v. Raab*, No. 2:21-cv-00709-RJS-CMR, 2022 WL 2118223 at *11 (D. Utah, June 13, 2022); *see Raab v. Nu Skin Enter., Inc.*, No. 21-2-03272-32, 2022 WL 21816495 (Wash. Super. Mar. 8, 2022).

Appellants appealed that decision to this court. Shortly after that notice of appeal was filed, the Washington Court of Appeals granted Appellants' motion to consider an interlocutory appeal from the decision of the state Superior Court, and the parties to this appeal agreed to stay this appeal pending a decision by the Washington Court of Appeals. In October 2023 the Washington Court of Appeals reversed the decision of the Superior Court, holding that the claims in the litigation were disputes subject to the arbitration agreement and remanding to the Superior Court for further proceedings, including determination of whether the arbitration clause is unconscionable. *See Raab v. Nu Skin Enter.*, 536 P.3d 695 (Wash. Ct. App. 2023).

As stated by all parties in their briefs to this court, the Superior Court decision no longer has preclusive effect. Because preclusion was the basis of the district court's decision in this case, we must therefore reverse that decision. We express no view on any other issue in this case, including the possible preclusive effect of any other proceedings or decisions in the Washington courts.

Exercising jurisdiction under 28 U.S.C. § 1291, we **REVERSE** and **REMAND** for further proceedings.

Entered for the Court

Harris L Hartz
Circuit Judge